W. G. Cutler v. Commissioner.
Cutler v. Commissioner.
Docket No. 25996.
United States Tax Court
1951 Tax Ct. Memo LEXIS 285; 10 T.C.M. (CCH) 268; T.C.M. (RIA) 51071; March 22, 1951
William W. Booth, Esq., for the petitioner. Kalman A. Goldring, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $12,056.88 in the income tax of the petitioner for 1947. The petitioner employed his two sons in his lumber business and agreed to pay each a bonus of 10 per cent of the net earnings of the business for 1947 in addition to his regular salary. The business used an accrual method of accounting *286 and reporting while the sons were on a cash basis. The bonuses were determined on February 21, 1948 and credited on that day, but as of December 31, 1947, to accounts in the names of the sons on the books of the business. The amounts were not actually paid prior to March 16, 1948. The Commissioner held that no part of the bonus was deductible by the petitioner for 1947 and the only issue is whether he erred. The facts have been stipulated. The petitioner filed his return for 1947 with the collector of internal revenue for the twenty-third district of Pennsylvania. The amounts have been limited by the stipulation which is that the total of the regular salary and bonus for the older son was reasonable compensation while only $5,000 of the total was reasonable compensation for the younger son. The Commissioner contends that these amounts are not deductible, so far as based upon the bonuses, because of section 24 (c). The petitioner contends that the bonuses were paid within the meaning of section 24 (c) (1) and were reportable by the sons within the meaning of section 24 (c) (2). His argument is that the business was able to pay and the sons could have paid themselves because of their *287 power to draw checks and conduct the business. The petitioner's argument based upon section 24 (c) (2) is obviously weak but both of his contentions must be decided against him upon authority of and the case which it followed, , affirmed , cert. den. . The petitioner refers to those cases in his brief but makes no effort to distinguish them from which it may be inferred that he is unable to find any difference in principle between those cases and the present one. This Court sees none. Decision will be entered for the respondent.